UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEWART DEUS BASIL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES CITIZENSHIP )<br>AND IMMIGRATION SERVICES, )<br>)<br>Defendant. )<br>) | Civil Action No. 16-1084 (RJL) |

**FILED**
FEB 17 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
February ___16th___, 2017

This matter is before the Court on plaintiff's Emergency Motion [ECF No. 6], Motion for Summary Reversal of USCIS Decision [ECF No. 7], and Motion to Take Judicial Notice [ECF No. 15], and Defendant's Motion to Dismiss and Opposition to Plaintiff's Emergency Motion and Motion for Summary Reversal [ECF No. 9]. For the reasons discussed below, defendant's motion will be granted, plaintiff's motions will be denied, and this civil action will be dismissed.

### BACKGROUND

A United States citizen may request an immigrant visa for her non-citizen spouse ("alien" or "beneficiary") by filing a petition using Form I-130, Petition for Alien Relative. *See* 8 U.S.C. § 1154(a)(1)(A); 8 C.F.R. § 204.1(a)(1). The petitioner thus requests "the alien's classification as an immediate relative under section 201(b) of the [Immigration and

Nationality] Act based on a qualifying relationship to a citizen . . . of the United States." 8 C.F.R. § 204.1(a); *see* 8 U.S.C. § 1151(b)(2)(A)(i) (defining term "immediate relatives" to include spouse of a United States citizen). A non-citizen spouse may file his own petition using Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, "if . . . during the marriage . . . the alien . . . has been battered or has been the subject of extreme cruelty perpetrated by the alien's spouse." 8 U.S.C. § 1154(a)(1)(A)(iii)(I); *see* 8 C.F.R. § 204.1(a)(3).

Eligibility for an immigrant visa under either provision requires that the petitioner and his or her spouse entered into their marriage in good faith, not for the purpose of circumventing the immigration laws. Relevant to this discussion is section 204(c) of the Immigration and Nationality Act:

> *No petition* shall be approved if . . . the alien has *previously been accorded, or has sought to be accorded, an immediate relative . . . status as the spouse of a citizen of the United States . . . , by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws*, or . . . the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

8 U.S.C. § 1154(c) (emphasis added); *see* 8 C.F.R. §§ 204.1(a)(ii), 204.2(c)(1)(iv) (requiring self-petitioner to comply with section 204(c)). An I-130 Petition "for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence" that the alien "has attempted or conspired to enter into the marriage for the purpose of evading the immigration laws" will be denied, "regardless of whether that alien received a benefit through the attempt or conspiracy." 8 C.F.R. § 204.2(a)(1)(ii).

Similarly, "[a] spousal self-petition cannot be approved if the self-petitioner entered into a marriage to the abuser for the primary purpose of circumventing the immigration laws." *Id.* § 204.2(c)(1)(ix). "Where there is reason to doubt the validity of a marital relationship, the petitioner must prevent evidence to show that the marriage was not entered into for the primary purpose of evading the immigration laws." Mem. of P. & A. in Support of Def.'s Mot. to Dismiss and Opp'n to Pl.'s Emer. Mot. and Mot. for Summ. Reversal [ECF No. 9] ("Def.'s Mem."), Ex. A (Jan. 29, 2015 AAO Decision) at 5 (citation omitted). For purposes of an I-360 petition, "[e]vidence of good faith at the time of marriage may include, but is not limited to, proof that one spouse has been listed as the other's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence and experiences." 8 C.F.R. § 204.2(c)(2)(vii).

Plaintiff, a native and citizen of Tanzania, entered the United States on January 22, 2000, on a valid student visa. *See* Def.'s Mem., Ex. A at 4, 6. He married a United States citizen ("A-G-") on December 30, 2001, and a Texas court declared the marriage void on January 24, 2003. *Id.*, Ex. A at 4; *see* Am. Compl. [ECF No. 5], Ex. 2 (Decree Declaring Marriage Void) (exhibit number designated by the Court).[1]

---

[1] This case began when the United States Court of Appeals for the District of Columbia Circuit transferred it and transferred its original file in electronic format [ECF No. 1]. By minute order entered on June 17, 2016, the Court ordered plaintiff to file a Complaint, and plaintiff did so on July 19, 2016 [ECF No. 5]. This pleading is the only civil complaint in this case, and because it is docketed "AMENDED COMPLAINT," the Court refers to it as such ("Am. Compl."). Contrary to plaintiff's assertions, *see* Pl.'s Objection to Def.'s Proposed Order, Mot. to Dismiss, and Def.'s Opp'n to My Emer. Mot. and Mot. for Summ. Reversal [ECF No. 11] at 2-3, there is nothing misleading about defendant's reference to plaintiff's Amended Complaint.

On February 20, 2002, A-G- submitted an I-130 Petition, Am. Compl. at 9, "request[ing] that the beneficiary, Stewart Deus Basil, be classified as [her] spouse under Section 201(b) of the Immigration and Nationality Act (the Act)," Mot. for Summ. Reversal of USCIS Decision [ECF No. 7] ("Pl.'s Mot."), Ex. 5 (Denial of Visa Petition dated June 25, 2004) at 1 (exhibit numbers designated by the Court). A-G- stated under penalty of perjury that she had no prior marriages. *Id.*, Ex. 5 at 1. Records obtained by U.S. Citizenship and Immigration Services ("USCIS"), however, revealed that A-G- not only had married four men previously without having dissolved any of these marriages, *see* Am. Compl. at 5, 10, but also had filed an I-130 Petition on behalf of each husband, *see* Pl.'s Mot., Ex. 5 at 1-2. On June 25, 2004, the District Director denied A-G-'s petition:

> Based upon the investigative findings of [A-G-'s] simultaneous contractual multiple marriages, as well as [her] utter failure to disclose the marriages or complete the application in a truthful manner, the [USCIS] is compelled to deny the visa petition. Further, the [USCIS] is compelled to conclude that [A-G-'s] marriage to the beneficiary was entered into solely to enable the beneficiary to obtain an immigration benefit, commonly referred to as a "sham marriage."

*Id.*, Ex. 5 at 2.[2]

Roughly two months after the annulment, on March 28, 2003, plaintiff married another United States citizen ("R-D-"). Def.'s Mem., Ex. A at 4. R-D- filed an I-130 Petition on plaintiff's behalf on May 28, 2003. *Id.*, Ex. B at 3. The District Director referred to existing USCIS records showing that plaintiff had been married to A-G-, that

---

[2] A-G-'s "involvement into multiple marriage[] schemes," Am. Compl. at 10, led to her "convict[ion] for the offense of Marriage Fraud on July 14, 2004[,]" Pl.'s Mot., Ex. 6 at 1. She "pled guilty to marriage fraud in the U.S. District Court for the Southern District of Texas and was sentenced to eight months imprisonment." Def.'s Mem., Ex. A at 6.

4

A-G- had filed a visa petition on plaintiff's behalf, and that the petition had been denied because plaintiff and A-G- "entered into a fraudulent marriage in order to confer immigration benefits." Pl.'s Mot., Ex. 6 (Notice of Denial of Visa Petition dated March 25, 2005) at 1. Because plaintiff's marriage to A-G- had been fraudulent, the District Director denied R-D-'s petition pursuant to section 204(c). *See id.*, Ex. 6 at 2. Plaintiff and R-D- separated in June 2008, and plaintiff returned to Tanzania in April 2010. Def.'s Mem., Ex. A at 4; *see* Am. Compl. at 3.

On August 8, 2011, plaintiff filed his own I-360 Petition "under [the] Violence Against Women Act of 1994 (VAWA)," alleging that he had "been battered and experience[d] extreme cruelty" during his marriage to R-D-. Am. Compl. at 3 (emphasis removed). He received written confirmation of receipt of the petition which was "found to establish a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act." *Id.*, Ex. 3 (Establishment of Prima Facie Case dated August 11, 2011). The notice further provided:

> **PLEASE NOTE: ESTABLISHING A PRIMA FACIE CASE FOR CLASSIFICATION UNDER THE SELF-PETITIONING PROVISIONS OF THE VIOLENCE AGAINST WOMEN ACT DOES NOT NECESSARILY MEAN THAT YOUR PETITION WILL BE APPROVED.**

*Id.*, Ex. 3 (emphasis in original).

The Acting Director, Vermont Service Center, denied the I-360 Petition on April 28, 2014 because plaintiff failed to establish that he entered into a good-faith marriage with R-D- and was subjected to battery or extreme cruelty by R-D- during their marriage. *See* Def.'s Mem., Ex. A at 2, 4. In addition, the Acting Director denied the petition pursuant

5

to section 204(c) based on the "finding that [plaintiff] attempted to enter into a prior marriage for the purpose of evading the immigration laws." *Id.*, Ex. A at 2.

Plaintiff appealed the Acting Director's decision to the Administrative Appeals Office ("AAO"). *See id.*, Ex. A at 4. The AAO "conduct[ed] review on a *de novo* basis," and based on its "full review of the record," concluded that plaintiff "fail[ed] to establish [his] eligibility" for an immigrant visa. *Id.*, Ex. A at 4. Plaintiff managed to "demonstrate[ to the AAO] by a preponderance of the evidence that R-D- subjected him to battery or extreme cruelty as required by section 204(a)(1)(A)(iii)(I)(bb) of the Act." *Id.*, Ex. A at 5. However, he was unable to overcome the effect of section 204(c) with respect to his marriage to A-G-. *See id.*, Ex. A at 6-7.

The record before the AAO reflected the USCIS's prior conclusion "that A-G-'s marriage to [plaintiff] was entered into solely for the purpose of obtaining an immigration benefit for [plaintiff]." *Id.*, Ex. A at 6. Plaintiff had an opportunity to submit evidence to the Acting Director to support his claim that he married A-G- in good faith, but his submissions "did not address how he and A-G- met, their courtship, wedding ceremony, shared residence, or other shared experiences," such that the record was devoid of any "relevant evidence . . . regarding his good-faith intentions in marrying A-G-." *Id.*, Ex. A at 6. The AAO noted:

> [Plaintiff] did not, below or on appeal [to the AAO], provide any substantive information regarding his relationship with A-G-. A review of the record combined with [plaintiff's] failure to provide documentation or probative testimony of the bona fides of his first marriage indicates that [his] marriage to A-G- was entered into for the purpose of the immigration laws.

6

> Approval of the instant petition is consequently barred pursuant to section 204(c) of the Act.

*Id.*, Ex. A at 6.

The AAO also found that, based on its "full review of the evidence submitted below and on appeal," plaintiff failed to demonstrate by a preponderance of the evidence that he entered into his marriage with R-D- in good faith as is required under section 204(a)(1)(A)(iii)(I)(aa) of the Act. *Id.*, Ex. A at 7. The AAO referenced materials submitted below to the Acting Director, such as plaintiff's statement describing how and when he met and married R-D-, copies of joint income tax returns for 2006 and 2007, and other indicia of shared residence and commingled finances. *Id.*, Ex. A at 7. However, "[a]part from the abuse, [plaintiff's] statements did not provide any probative details regarding the couple's courtship, wedding ceremony, shared residence, and shared experiences." *Id.*, Ex. A at 7. Nor did plaintiff "specifically address his good-faith entry into marriage with R-D-" when given the opportunity to do so on appeal to the AAO. *Id.*, Ex. A at 7. Accordingly, the AAO found that plaintiff failed to establish that he married R-D- in good faith, such that he is "ineligible for immigrant classification under section 204(a)(1)(A)(iii) of the Act." *Id.*, Ex. A at 7. The AAO dismissed his appeal on January 29, 2015. *Id.*, Ex. A at 1.

Undaunted, plaintiff sought reconsideration of the AAO's decision to dismiss his appeal, and the AAO treated the request as a motion to reopen his case. Def.'s Mem., Ex. B (Oct. 13, 2015 AAO Decision) at 1. The AAO maintained that plaintiff did not meet his burden of proof by showing that he did not enter into his marriage with A-G- for the

7

purpose of evading the immigration laws, noting that the annulment of his marriage "does not establish that he initially married her in good faith." *Id.*, Ex. B at 5. The AAO denied plaintiff's request on October 13, 2015, "based on *de novo* review of all relevant evidence in the record, particularly the insufficiency of the evidence [plaintiff] submitted, as well as the conviction of A-G- for marriage fraud." *Id.*, Ex. B at 5.

## DISCUSSION

Plaintiff is seeking judicial review of the AAO's October 13, 2015 decision, *see* Am. Compl. at 2, 4, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, pursuant to which the Court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *Id.* § 706(2)(A).[3] "This standard of review is highly deferential to the agency," *Bean Dredging, LLC v. United States*, 773 F. Supp. 2d 63, 73 (D.D.C. 2011), and a decision may be deemed arbitrary and capricious if the agency

> has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

---

[3] The Court must construe a *pro se* complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (noting "'obligation to construe pro se filings liberally'" (quoting *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002)). Although plaintiff's complaint is rambling and disorganized, it is apparent that plaintiff seeks judicial review of the October 13, 2015 Decision. *See* Am. Compl. at 2, 4, 27. Defendant's motion to dismiss the complaint on the ground that it fails to comply with the pleading standards set forth in Federal Rule of Civil Procedure 8(a) is denied.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "In applying that standard, the focal point for judicial review should be the administrative record already in existence." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The Court is not at liberty to "substitute its judgment for that of the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971).

Plaintiff contends that defendant wrongly applied section 204(c) to his I-360 Petition. *See* Am. Compl. at 5-6. He strenuously objects to any consideration of his first marriage. Instead, he attempts to distance himself from A-G- by pointing to their annulment and his lack of responsibility for A-G-'s criminal behavior. *See generally id.* at 5-14; Pl's Mot. at 3-6. For example, plaintiff notes that his annulment predates the denial of the I-130 Petition A-G- submitted on his behalf, and he faults defendant for its reliance on a marriage that, because of the annulment, must be treated as if it never existed. *See, e.g.*, Am. Compl. at 12, 14-15, 20; Pl.'s Mot. at 6. A copy of the court decree was in his immigration file, and, plaintiff argues, defendant erred by denying A-G-'s petition on June 25, 2004 because by that time A-G- no longer had legal status as a United States citizen spouse to file an I-130 Petition on plaintiff's behalf. *See* Am. Compl. at 15-16. In other words, plaintiff contends that he never was married to A-G-, that defendant should have proceeded as if the first I-130 Petition never existed, and that the denial of A-G-'s petition has no precedential value. *See, e.g.*, Am. Compl. at 17-18, 23. Furthermore, for purposes

of his I-360 Petition, plaintiff asserts that the only relevant marriage is his current marriage to R-D-, his abuser. *See id.* at 5-6.[4]

Based on the record before the AAO, there was more than enough evidence to support the conclusion that plaintiff and A-G- did not marry in good faith. A-G- married five men, filed an I-130 Petition on behalf of each man, and ultimately was convicted for marriage fraud. The fact that plaintiff obtained an annulment on January 24, 2003 does not establish his intent as of December 30, 2001, the day he married A-G-. Further, plaintiff's I-360 Petition properly was denied because he "previously . . . sought to be accorded . . . immediate relative . . . status as the spouse of a citizen of the United States . . . by reason of a marriage determined . . . to have been entered into for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c).

Even if plaintiff could escape the consequences of section 204(c) arising from the petition A-G- filed on his behalf, there is an independent basis for the denial of his I-360 Petition—plaintiff failed to show by a preponderance of the evidence that he entered into his marriage to R-D- in good faith. Plaintiff's mention of R-D- is limited to the abuse he sustained, yet even plaintiff understands that abuse inflicted by a United States citizen spouse is only one of seven criteria he must meet. *See, e.g.,* Revised Opp'n to Def.'s Mot. to Dismiss and Def.'s Opp'n to My Emer. Mot. and Mot. for Summ. Reversal [ECF No. 14] at 4. And this Court is not persuaded by plaintiff's misguided argument *see id.* at 5-7, that he, as the abused spouse of a United States citizen, had no obligation to provide

---

[4] Plaintiff alleges that there were procedural errors at the administrative level, *see, e.g.,* Pl.'s Mot. at 15, 23-24, but these errors appear to have been cured, *see* Def.'s Mem., Ex. B at 2-3

evidence of a good faith marriage to R-D-. Plaintiff simply does not meet all the eligibility requirements for classification as the abused spouse of a United States citizen.

## CONCLUSION

The Court concludes that the agency decision is neither arbitrary nor capricious. The defendant's motion is granted, and this civil action is dismissed. An Order is issued separately.

RICHARD J. LEON
UNITED STATES DISTRICT JUDGE